IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT M. PEREZ,

      Plaintiff,

v.                                     Case No. 2:14-cv-29120

GARA A. SUMMERS, a West Virginia
resident, and KEVIN MARTIN, a
West Virginia resident,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATIONS

On November 26, 2014, Plaintiff Robert M. Perez ("Perez"), proceeding *pro se*, filed an Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), a Notice of Removal of a Complaint pending in the Circuit Court of Kanawha County, West Virginia, (ECF No. 2), and a Motion to Quash Revised Subpoenas issued by the Circuit Court of Kanawha County. (ECF No. 3). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** the Motion to Quash Revised Subpoenas, **DENY** the Application to Proceed Without Prepayment of Fees and Costs, **DENY** Plaintiff's Notice of Removal of Complaint, and **REMAND** the action to the Circuit Court of Kanawha County, West Virginia as this Court does not have

1

jurisdiction over the action under the statutes governing removal of cases to federal court.

## I.  <u>Relevant Facts</u>

On August 27, 2013, Perez filed a Complaint in the Circuit Court of Kanawha County, West Virginia against his former girlfriend, Gara Summers, and Ms. Summers's current boyfriend, Kevin Martin. (ECF No. 2-1 at 3-8). The Complaint alleges that Perez and Ms. Summers have a child together. When their relationship ended in 2007, they worked out an agreement related to Perez's support of and visitation with the child. However, after Martin became involved with Summers, they began to verbally, physically, and emotionally threaten and harass Perez whenever he attempted to exercise his visitation rights. Perez's problems with Martin and Summers escalated until May 19, 2013 when their abuse culminated in Martin physically attacking Perez and beating him until law enforcement officers arrived at the scene. Perez asserts causes of action including the tort of outrage, landowner's liability, and assault and battery.

The defendants were served with the Complaint on September 6, 2013 and filed a joint answer on September 27, 2013. (ECF No. 2-1 at 1). Over the ensuing year and two months, the parties engaged in discovery. (*Id.* at 1-2). On November 26, 2014, Perez filed a Notice of Removal in this Court, stating that his case presents "certain constitutional questions;" that he is now a resident of Ashland, Kentucky, apparently having moved from Kanawha County; and that "the amount in controversy exceeds the amount of this jurisdiction." (ECF No. 2 at 2).

## II.  <u>Standard of Review</u>

When a litigant institutes an action in federal court and applies for an order to proceed *in forma pauperis*, the Court must review the action to insure that it states a

claim upon which relief may be granted, and is not frivolous, malicious, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, the Court must insure that it has jurisdiction over the subject matter of the action. The Court should *sua sponte* dismiss a case when subject matter jurisdiction is lacking. *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) ("It is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte* to ensure that it does not decide controversies beyond its authority."). While the filings of a *pro se* litigant are held to a less stringent standard than those prepared by an attorney, a defect of subject matter jurisdiction mandates summary dismissal regardless of the standard applied.

### III.   <u>Notice of Removal</u>

According to the docket sheet and attached records from the Circuit Court of Kanawha County, Perez filed a Complaint in the Circuit Court against Gara A. Summers and Kevin Martin on August 27, 2013. (ECF No. 2-1 at 1-10). He now attempts to remove that action to this Court. (ECF Nos. 2, 2-1 at 11).[1] However, federal law is clear that a State action may be removed to an appropriate United States District Court **only** by a defendant. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, ***may be removed by the defendant or the defendants***, to the district court of the United States for the

---

[1] It is noteworthy that Perez originally filed his Complaint against Summers and Martin in this Court on July 8, 2013. *See Perez v. Summers,* Case No. 2:13-cv-17704 at ECF No. 2. He moved to withdraw the Complaint on July 10, 2013. (*Id.* at ECF No. 4). His motion was granted, and he then filed the Complaint in the Circuit Court of Kanawha County, where it has been pending for over a year. The undersigned also finds it worth noting that Perez has been a serial *pro se* and indigent filer in this Court, with most of his actions either being voluntarily withdrawn or dismissed without relief in his favor. *See* Case Nos. 2:04-cv-581, 2:05-cv-741, 2:05-cv-888, 2:05-cv-952, 2:06-cv-1019, 3:08-cv-1252, 2:10-cv-1202, 3:10-cv-1188. In addition to the instant action, Perez has another civil action currently pending in this Court, making a total of eleven cases filed by Perez in this District Court between 2004 and 2014. *See* Case No. 2:14-cv-19937.

district and division embracing the place where such action is pending.") (emphasis added); *See, also, Alexander v. Tulsa Public Schools,* 133 F.App'x 581, 582 (10th Cir. 2005) (citing other appellate court opinions holding that a plaintiff cannot remove his or her own state-court action to federal court). Moreover, to properly remove a case, the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ... or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Clearly, the purpose of this section is to ensure prompt removal in order to prevent forum shopping and prohibit the transfer of cases in later stages of development. *See, e.g., Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962, 965 (7th Cir. 1982) ("The purpose of the 30-day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court."). In the event that the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, when jurisdiction is based on diversity of citizenship under § 1446(b)(3), a case may not be removed ***more than one year after commencement of the action*** unless the court finds the plaintiff acted in bad faith to prevent removal.

4

*Id.* at § 1446(c). *See US Airways, Inc. v. PMA Capital Ins. Co.,* 340 F.Supp.2d 699, 703 (E.D.Va. 2004) ("In other words, Congress decided that removal should not be an option after more than one year from commencement of the action regardless of when diversity might arise.").

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. ... If federal jurisdiction is doubtful, remand is necessary." *Taylor v. Bright,* Civil Action No. 2:10–1300, 2011, WL 1565899, at *2 (S.D.W.Va. Apr. 25, 2011) (citations omitted). Given that (1) Perez is not a defendant; (2) the defendants were served with the Complaint on September 6, 2013, making the Notice of Removal four hundred and sixteen (416) days late under the 30-day limit; and (3) his case in Circuit Court was commenced well over one year ago, Perez simply cannot remove his case to federal court. Therefore, this Court does not have jurisdiction over the action. Instead, jurisdiction remains with the Circuit Court of Kanawha County, West Virginia. Consequently, Perez's Notice of Removal should be denied and this action should be summarily remanded to the Circuit Court.

## IV.    **Motion to Quash Subpoenas**

It is axiomatic that this Court cannot quash subpoenas in a case over which it exerts no jurisdiction. Furthermore, the subpoenas did not issue from the federal court; rather, they issued from the Circuit Court of Kanawha County. Perez filed his Motion to Quash in that court, as well. Accordingly, the Motion to Quash Subpoenas should be denied.

V.    **Application to Proceed *In Forma Pauperis***

Because Perez's filings are plainly frivolous and are subject to immediate dismissal, granting his application to proceed without prepayment of fees and costs is pointless. Therefore, the application should be denied, as well.

VI.   **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that the presiding District Judge **DENY** the Motion to Quash Revised Subpoenas, (ECF No. 3), **DENY** the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), **DENY** Plaintiff's Notice of Removal of Complaint, (ECF No. 2), and **REMAND** the action to the Circuit Court of Kanawha County, West Virginia as this Court does not have jurisdiction over the action under the statutes governing removal of cases to federal court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de*

*novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:**  March 20, 2015

Cheryl A. Eifert
United States Magistrate Judge